**Slip Op. 05- 166**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____

CRAWFISH PROCESSORS ALLIANCE;      :
LOUISIANA DEPARTMENT OF            :
AGRICULTURE AND FORESTRY;          :
BOB ODOM, COMMISSIONER,            :
                                   :
          Plaintiffs,              :
                                   :
          v.                       :
                                   :
UNITED STATES,                     :
                                   :
          Defendant,               :
                                   :
          and                      :    Consol. Court No.
                                   :        02-00376
HONTEX ENTERPRISES, INC., d/b/a    :
LOUISIANA PACKING COMPANY;         :
QINGDAO RIRONG FOODSTUFF CO., LTD. :
and YANCHENG HAITENG AQUATIC       :
PRODUCTS & FOODS CO., LTD;         :
BO ASIA, INC., GRAND NOVA          :
INTERNATIONAL, INC., PACIFIC       :
COAST FISHERIES CORP.,             :
FUJIAN PELAGIC FISHERY GROUP CO.,  :
QINGDAO ZHENGRI SEAFOOD CO., LTD.  :
and YANGCHENG YAOU SEAFOOD CO.,    :
                                   :
          Defendant-Intervenors    :
          and Plaintiffs.          :
_____:

**JUDGMENT**

In <u>Crawfish Processors Alliance v. United States</u>, 29 CIT ___, 395 F. Supp. 2d 1330 (2005), the Court remanded this matter to the United States Department of Commerce ("Commerce") with instructions to either: (1)(a) explain with specificity how the interactions between Jiangsu Hilong International Trade Co., Ltd. ("Jiangsu") and Ningbo Nanlian Frozen Foods Company, Ltd. ("Nanlian") indicate that one company has control over the other or both, especially how the invoices from Jiangsu to Hontex Enterprises, Inc., d/b/a Louisiana Packing Company created a business relationship with Nanlian during the September 1, 1999, to August 31, 2000, period of review, and (b) explain with specificity how Mr. Wei's contacts

with Jiangsu and Nanlian demonstrate control of either company on behalf of the other or control over both; and (2) if Commerce is unable to provide substantial evidence supporting its collapsing decision, then it is to treat Jiangsu and Nanlian as unaffiliated entities and assign separate company specific antidumping duty margins using verified information on the record. See Crawfish Processors Alliance, 29 CIT at ___, 395 F. Supp. 2d at 1337.

On December 9, 2005, Commerce filed its Final Results of Determination Pursuant to Court Remand ("Final Results"). For its Final Results, Commerce determined that without the presumption of affiliation between Jiangsu and Nanlian, the invoices and Mr. Wei's contacts between the two companies is insufficient to sustain its earlier determination to collapse the two companies. See Final Results at 5. Therefore, Commerce is treating Jiangsu and Nanlian as unaffiliated entities. See id. Accordingly, Nanlian's antidumping duty margin for the period September 1, 1999, to August 31, 2000, is 62.51 percent. See id. at 6. Commerce did not initiate a review of Jiangsu during the period of review, only reviewing Jiangsu's information as part of the collapsed Jiangsu/Nanlian entity, thus Jiangsu does not have a separate entity margin for the period of review. See id.

This Court, having received and reviewed Commerce's Final Results, and having received no comments from the parties, holds that Commerce duly complied with the Court's remand order, and it is hereby

**ORDERED** that Commerce's Final Results are reasonable, supported by substantial evidence, and is otherwise in accordance with law; and it is further

**ORDERED** that the Final Results filed by Commerce on December 9, 2005, are affirmed in their entirety; and it is further

**ORDERED** that since all other issues have been decided, this case is dismissed.

                                    /s/ Nicholas Tsoucalas
                                 **NICHOLAS TSOUCALAS**
                                    **SENIOR JUDGE**

Dated:     December 29, 2005
           New York, New York